
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendants-Appellees. | No.   17-35569 <br><br> DC No. CV 16-293 TOR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted May 14, 2018[**]
Portland, Oregon

Before:      TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Plaintiff-Appellant Forest Service Employees for Environmental Ethics

("FSEEE") sued the United States Forest Service and the United States Department

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

of Agriculture (collectively, the "Forest Service"), under the National Environmental Policy Act ("NEPA"). FSEEE alleged that the Forest Service violated NEPA by not preparing an environmental impact statement ("EIS") or environmental assessment ("EA") prior to constructing a "community protection line" ("CPL") during the Wolverine wildfire of 2015 in the Okanogan-Wenatchee National Forest in eastern Washington. The CPL was a 300-foot wide swath of land thinned of vegetation that stretched for many miles. It was created in part by logging significant amounts of timber. The Forest Service constructed the CPL to act as a barrier between the Wolverine fire and populated communities. The Forest Service argued that it relied on an emergency regulation which authorized it to forego an EIS or EA prior to constructing the CPL. *See* 36 C.F.R. § 220.4(b) ("USFS Emergency Rule"). The district court granted summary judgment to the Forest Service and denied FSEEE's motion for judicial notice of the North Cascades National Park Fire Management Plan ("NC Plan").

2

On appeal, FSEEE asserts an "as-applied" challenge to the Forest Service's reliance on the USFS Emergency Rule during the agency's response to the Wolverine fire.[1]  We affirm.

**1.**  We review a district court's summary judgment ruling de novo.  *Phx. Mem'l Hosp. v. Sebelius*, 622 F.3d 1219, 1224 (9th Cir. 2010).  "An agency's action must be upheld unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Lands Council v. McNair*, 629 F.3d 1070, 1074 (9th Cir. 2010) (quoting 5 U.S.C. § 706(2)(A)).

FSEEE's only argument is that "forest fires are not emergencies exempt from NEPA."  In support, FSEEE cites a dictionary definition of "emergency": "an *unforeseen* combination of circumstances or the resulting state that requires immediate action."  (Emphasis in original**.)**  Because forest fires are a common occurrence in the western Unied States, FSEEE reasons that they are not "unforeseen" and, thus, that the Forest Service acted arbitrarily by resorting to the USFS Emergency Rule during its response to the Wolverine fire.

While it is true that fires happen every year, it defies plain language and common sense to conclude that no individual fire – or its course, intensity, or

---

[1]  FSEEE does not reassert its arguments made below, that the USFS Emergency Rule itself violates NEPA, or that the Forest Service failed to comply with the procedural requirements of the USFS Emergency Rule.

duration – could be unforeseeable. It is unreasonable to argue that forest fires can never present emergency situations when viewed at the time the fire is raging. Further, FSEEE provides no evidence – outside of the immaterial NC Plan, which was crafted by a different agency in charge of a different area – that the Wolverine fire was not an emergency. Therefore, FSEEE did not act arbitrarily or capriciously in invoking the USFS Emergency Rule during the Wolverine fire.

2.      A district court's ruling on a motion for judicial notice is reviewed for abuse of discretion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). The district court did not abuse its discretion in denying FSEEE's motion for judicial notice because the NC Plan is immaterial to this case. *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 n.2 (9th Cir. 2015). That another agency has a high-level fire management plan in an area nearby to the location of the fire is not relevant to the actions of the Forest Service in dealing with an individual wildfire while it is occuring.

•   ●   •

The judgment of the district court is

**AFFIRMED.**